UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD E. MUDICA III,

    Plaintiff,

  v.                                  CAUSE NO. 3:20-CV-1007 DRL-MGG

ST. JOSEPH COUNTY SUPERIOR
COURTS *et al.*,

    Defendants.

OPINION AND ORDER

Donald E. Mudica, III, a prisoner without a lawyer, filed a complaint against the St. Joseph Superior Court, Judge Jane W. Miller, prosecutor Tom Fryska, public defender Sean P. Hilgendorf, and an unknown court officer. Under 28 U.S.C. § 1915A, the court must review the merits of the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. In doing so, this *pro se* filing must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Mudica alleges that in 2019 a series of hearings was held before Judge Jane W. Miller in St. Joseph Superior Court on a petition to revoke his placement from a community corrections program. Mr. Mudica alleges he has difficulty hearing and communicates primarily by writing and lip reading. He says he is "only able to at best convey [60 percent] of the information during a one on one conversation spoken in

English." ECF 4 ¶ 1. At the first hearing, Mr. Mudica, appearing without a lawyer, told Judge Miller about his hearing loss. Judge Miller was recovering from a recent surgery that affected her voice, and could not speak loudly enough for Mr. Mudica to completely hear. Although Mr. Mudica says he was "unable to participate meaningfully" in the hearing, he says he "mask[ed]" his inability to participate because he "sensed the Judge's [ ] annoyance" with the situation. *Id.* ¶ 2.

At the next hearing, Mr. Mudica was represented by public defender Sean Hilgendorf. Mr. Mudica claims Mr. Hilgendorf advised him to plead guilty without giving him a list of the alleged violations or "moving to an area that accommodated our legal discussion." *Id.* ¶ 3. He asked Mr. Hilgendorf for an unspecified accommodation for future hearings, but Mr. Hilgendorf told him the proceedings would be short and that "he would handle it." *Id.* ¶ 4. Mr. Mudica pleaded guilty to the revocation, allegedly without understanding to what he was pleading.

At the sentencing hearing on February 19, 2019, Judge Miller again described the violations alleged in the petition. At that point, Mr. Mudica allegedly "discovered that he unknowingly pled" to the violations, and "claimed his innocence." *Id.* ¶ 4. The sentencing proceeded despite his protests, and he was ordered to serve the rest of his sentence with the Indiana Department of Correction.

    A.    *Americans with Disabilities Act and Rehabilitation Act.*

Mr. Mudica alleges violations of Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act. Title II of the ADA, §§ 12131–12134, prohibits discrimination by a public entity against a person with a disability in public services or

2

programs. *Tennessee v. Lane*, 541 U.S. 509, 516–517 (2004). In judicial proceedings, the person must be given a "meaningful opportunity to be heard by removing obstacles to their full participation." *Id*. at 522–523. Discrimination occurs when the defendant knows that a violation of these rights is "substantially likely," and fails to act. *Lacy v. Cook Cty., Illinois*, 897 F.3d 847, 862 (7th Cir. 2018). A Rehabilitation Act claim is "functionally identical": it requires Mr. Mudica to allege that the agency denied him access to a program or activity because of a disability. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015).

Neither the ADA nor the Rehabilitation Act provides for a lawsuit against individuals. *See* 29 U.S.C. § 794(b); 42 U.S.C. § 12131. Any claim under these statutes is a claim against the state agency itself. *See Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012). Congress abrogated sovereign immunity for Title II claims that implicate access to the courts, and for Rehabilitation Act claims when the state program at issue receives federal financial assistance.[1] *See Sossamon v. Texas*, 563 U.S. 277, 291 (2011); *Lane*, 541 U.S. at 531. Therefore, a county court could be an appropriate defendant under either statute. *See, e.g, King v. Indiana Supreme Ct.*, No. 1:14-CV-01092-JMS, 2015 WL 2092848, 13-15 (S.D. Ind. May 5, 2015). *Prakel v. Indiana*, 100 F. Supp. 3d 661, 678 (S.D. Ind. 2015). The court considers whether Mr. Mudica's complaint states a claim against the St. Joseph Superior Court under the ADA or the Rehabilitation Act.

---

[1] It is unclear whether the St. Joseph Superior Court receives federal funding that would subject it to Rehabilitation Act liability in this case, but the court does not attempt to resolve that issue because the complaint is dismissed on other grounds.

Mr. Mudica alleges that his inability to communicate at the hearings was obvious to the court. However, his complaint, and the attached hearing transcripts, don't support a plausible inference that he was unable to participate fully and meaningfully in the hearings, or that the St. Joseph Superior Court was aware of any violation of his rights.

At the initial hearing, Judge Miller listed the alleged probation violations, and Mr. Mudica stated that he received copies of the "write-ups" for the violations. ECF 4-1 at 13. At the next hearing, Judge Miller again read the list of violations. With his counsel present, she explained his right to an evidentiary hearing, and he explicitly waived that right. *Id.* at 22-23. His counsel questioned him, on the record, about the violations:

> MR. HILGENDORF: Donald, you understand community corrections says you violated some of their conditions while you were in work release, correct?
>
> THE DEFENDANT: Yes.
>
> MR. HILGENDORF: Did you review those violations?
>
> THE DEFENDANT: I did.
>
> MR. HILGENDORF: Are you asking for a hearing so the state can prove that, or are you admitting the violations, today?
>
> THE DEFENDANT: I am going to admit to them.
>
> MR. HILGENDORF: That's your decision. Not mine.
>
> THE DEFENDANT: I did that. I did that.

*Id*. at 23-24. Mr. Mudica says he privately asked his lawyer to be "accommodated in [ ] future proceedings," but no one asked for an accommodation from the court.[2]

At sentencing, the state objected to a proposal to place Mr. Mudica on home detention. *Id*. at 34. Mr. Mudica said, though there were mitigating circumstances for some of the violations, he had deliberately chosen not to contest them: "I didn't feel it was a big point to contest these write-ups. I really didn't. I figure that maybe my character would speak for itself." *Id*. at 34-35. After Judge Miller ordered that he serve the remainder of his sentence with the IDOC, Mr. Mudica protested: "Look at the context of these conduct reports. I only pled guilty because Mr. Moody[3] came here and told me that I was going to go back to home detention. I promise you." *Id*. at 44. He continued to argue until Judge Miller closed the hearing, remarking that Mr. Mudica had "talked more in court . . . than almost anyone." *Id*. at 44-47.

Mr. Mudica has not raised a plausible inference that his hearing difficulties stopped him from fully participating in these proceedings, that the St. Joseph Superior Court refused to accommodate his hearing issues,[4] or that the court knew of a substantial

---

[2] An appointed public defender is not an agent of the state, *see Polk County v. Dodson*, 454 U.S. 312 (1981), and Mr. Mudica does not claim the St. Joseph Superior Court knew about this statement to his lawyer.

[3] The record indicates that Mr. Moody may have been Mr. Mudica's attorney at an earlier stage in the criminal proceedings. *See* ECF 4-1 at 14-15.

[4] More than a year later, Mr. Mudica requested an interpreter from a disability organization for a hearing before Judge Miller. ECF 4-1 at 62. Mr. Mudica's chosen interpreter was not present at the hearing, but an IDOC employee appeared with Mr. Mudica. ECF 4 ¶ 6. At the hearing, which was held by telephone, Mr. Mudica and Judge Miller spoke directly to each other. *See* ECF 4-1 at 48-54. Neither the complaint nor the hearing transcript indicates that Mr. Mudica was unable to fully participate.

likelihood that his rights were being violated. He has not pleaded facts indicating that the St. Joseph Superior Court denied him access to the courts because of a disability. Therefore, he has not stated a claim for discrimination against the St. Joseph Superior Court under the ADA or the Rehabilitation Act.

    B.    *Constitutional Claims.*

Mr. Mudica also alleges constitutional violations, but any claims under 42 U.S.C. § 1983 would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1984). "If a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. A claim is barred under *Heck* if the plaintiff's "specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006).

Mr. Mudica alleges that because he could not properly hear the proceedings, he did not knowingly admit to the probation violations. His claims are based on his assertion that the revocation of his placement was invalid. There is no indication that the revocation has been invalidated, so these claims cannot proceed. *See Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (applying *Heck* to parole revocation).

Ordinarily, the court affords a *pro se* litigant an opportunity to replead before dismissing the case with prejudice. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, the court is not required to grant leave to amend when it would be futile. *Humid v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to

amend where . . . the amendment would be futile."). In this case, it does not appear that Mr. Mudica's allegations can support a cognizable claim.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A, for failure to state a claim for relief.

SO ORDERED.

May 10, 2021                                   *s/ Damon R. Leichty*
                                                               Judge, United States District Court